SEVLESRUO HOLDING CORPORATION ET AL. (MARIA GRANDE INCLUDED), PLAINTIFFS, v. FIREMEN'S IN- SURANCE COMPANY ET AL. (AMERICAN EQUITABLE. ASSURANCE COMPANY, A CORPORATION, INCLUDED),. DEFENDANTS.

Decided July 17, 1931.

Before LAWRENCE, Circuit Court judge.

For the rule, *Joseph T. Lieblich.*

*Contra, Arthur T. Vanderbilt (Mr. Stoffer).*

LAWRENCE, C. C. J. This suit was tried before me at the Morris Circuit with a jury. It involved damage by fire to certain buildings and contents covered by policies of the respective defendants. Maria Grande, an officer of the plaintiff corporation, was included as an individual plaintiff in a count of the complaint filed, for the reason that she owned certain furniture and other household goods and chattels in one of the buildings which she claimed had been destroyed at the time of the fire. This loss was subject to the provisions of a policy issued to her by the defendant American Equitable Assurance Company. By consent, this claim was disposed of by a separate trial and a verdict was returned in favor of Mrs. Grande for $273. She applied for a rule to show cause limited as to damages only, which was allowed. On the return of the rule, it was argued in her behalf that the award was wholly inadequate under the evidence. The claim was sharply contested at the trial both as to the accidental origin of the fire and the extent of the loss, particularly with regard to many of the items included in the proof of loss. The evidence for the plaintiff comprehended her own statement and that of her daughter, while that relating to the value of the articles claimed to have been destroyed was meagre. Testimony of members of the local fire and police departments, called as witnesses by the defendant company, raised an issue as to whether Mrs. Grande was in actual occupation of the building and had the furniture and chattels listed in the proof of loss therein at the time of the fire. The question thus presented was peculiarly for the jury, including, of course, the credibility of the witnesses and the weight to be given to the proofs submitted. A review of the evidence leads to the conclusion that the award should not be set aside on the ground of inadequacy. The absence at the trial of proper proof of a greater amount of loss doubtless accounts for the verdict. The rule to show cause will be discharged.